UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAYMOND HAWKINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cv-01344-SEB-TAB ) |
| ANTON, COFFEE, M. RUNYAN, | ) ) ) ) |
| Defendants. | ) ) |

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff Raymond Hawkins is an Indiana inmate currently incarcerated at Correctional Industrial Facility in Pendleton, Indiana. He brings this action under 42 U.S.C. § 1983 based on events that occurred while he was incarcerated at New Castle Correctional Facility ("New Castle"). He alleges that Defendants violated his Eighth Amendment rights by failing provide him with immediate medical care after he complained of feeling lightheaded and dizzy. As a result, he alleges, he fell down some stairs and injured himself. Defendant Marrissa Runyan has filed a motion for summary judgment, as have Defendants B. Anton and B. Coffey. Dkts. 72, 80.[1] For the reasons explained below, those motions are **granted**.

**I.
Standard of Review**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a

---

[1] Mr. Hawkins identified the defendants as "M. Runyan," "Anton," and "Coffee" in his complaint. Dkt. 1. The **clerk is directed** to update the docket to reflect the proper spelling of their names.

matter of law. *Id.*; *Pack v. Middlebury Comm. Sch.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

In this case, Defendants have met that burden through their unopposed motions for summary judgment. Mr. Hawkins failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); see S.D. Ind. L.R. 56-1(b) (party opposing

judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II.
## Factual Background

Because Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). Here, Mr. Hawkins has not responded to the summary judgment motions, so the Court treats Defendants' supported factual assertions as uncontested. *See Hinterberger v. City of Indianapolis*, 966 F.3d 523, 527 (7th Cir. 2020); S.D. Ind. L.R. 56-1(b), (f).

### A. The Parties

At all relevant times, Mr. Hawkins was incarcerated at New Castle. Deposition of Raymond Hawkins ("Hawkins Dep."), dkt. 82-2 at 7.

At the time of the incidents at issue in this case, Defendants B. Anton and B. Coffey were correctional officers at New Castle. Affidavit of Officer Anton ("Anton Aff."), dkt. 82-5 ¶ 2; Affidavit of Officer Coffey ("Coffey Aff."), dkt. 82-4 ¶ 2. As correctional officers, neither Officer Anton nor Officer Coffey were medically trained or tasked with providing medical care to inmates. Anton Aff., dkt. 82-5 ¶ 9; Coffey Aff., dkt. 82-4 ¶ 12.

On September 9, 2019, Defendant Marrissa Runyan was a registered nurse who worked at New Castle. Affidavit of Nurse Runyan ("Runyan Aff."), dkt. 74-1 ¶ 2.

## B. Events of September 9, 2019

Between 2:00 and 3:00 p.m. on September 9, 2019, Mr. Hawkins told both Officer Anton and Officer Coffey that he was feeling dizzy and lightheaded. Hawkins Dep., dkt. 82-2 at 24–25, 55. Mr. Hawkins was coherent and able to explain what his medical problem was. *Id.* at 57. Officers Anton and Coffey have been trained to call the medical department when an inmate seeks to be seen by medical staff or is complaining about a medical condition. Anton Aff., dkt. 82-5 ¶ 10; Coffey Aff., dkt. 82-4 ¶ 13. In accordance with that training, Officer Anton promptly called the medical department, but the call was disconnected, likely by a hang up. Anton Aff., dkt. 82-5 ¶ 6. Upon learning of the hang up, Officer Coffey then called the medical department. Coffey Aff., dkt. 82-4 ¶ 8. The medical department advised Officer Coffey to have Mr. Hawkins fill out a medical request and wait to be called. *Id.* ¶ 11. Officer Coffey relayed the information to Mr. Hawkins. *Id.* At that point, neither Officer Coffey nor Officer Anton believed that Mr. Hawkins was in the type of distress that would trigger them to issue a "Signal 3000"—which is the equivalent of calling 911 outside of prison. Anton Aff., dkt. 82-5 ¶ 7; Coffey Aff., dkt. 82-4 ¶¶ 7, 9, 15.

A few minutes after he complained to Officers Anton and Coffey, Mr. Hawkins went upstairs to retrieve a cup from his cell and began heading downstairs; as he was coming down the stairs, he passed out and fell. Hawkins Dep., dkt. 82-2 at 26–27. Officers Anton and Coffey then called a "Signal 3000," and Mr. Hawkins was seen by medical staff. Coffey Aff., dkt. 82-4 ¶ 15; Anton Aff., dkt. 82-5 ¶ 12; Hawkins Dep., dkt. 82-2 at 28.

Defendant Nurse Runyan was not working at New Castle on September 9, 2019, and she did not speak with anyone about Mr. Hawkins during the relevant timeframe. Runyan Aff., dkt. 74-1 ¶ 2; dkt. 74-3 (timecard showing that Nurse Runyan did not work on September 9, 2019).

## III.
## Discussion

After screening, Mr. Hawkins was allowed to proceed on Eighth Amendment claims that Defendants were deliberately indifferent to his serious medical needs based on the events of September 9, 2019. Dkt. 12.[2] The Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty on the states, through the Fourteenth Amendment, "to provide adequate medical care to incarcerated individuals." *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). "Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021). "Thus, to prevail on a deliberate indifference claim, a plaintiff must show '(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'" *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)).

For the purposes of this motion, the Court assumes that Mr. Hawkins's dizziness and lightheadedness (apparently due to his high blood pressure) were a serious medical need. To survive summary judgment then, Mr. Hawkins must show that Defendants acted with deliberate indifference—that is, that Defendants consciously disregarded a serious risk to his health. *Petties*

---

[2] In her summary-judgment brief, Nurse Runyan also argues that she was not deliberately indifferent to Mr. Hawkins's serious medical needs when she saw him for a nursing sick call appointment on October 15, 2019, dkt. 73 at 14, apparently because, during his deposition, Mr. Hawkins mentioned an October 15, 2019, incident as an example of a time when Nurse Runyan disregarded his medical needs, *see* Hawkins Dep., dkt. 82-2 at 18, 22. The Court does not address those arguments because the only incident of alleged medical deliberate indifference mentioned in the complaint and allowed to proceed in the Screening Order was the incident on September 9, 2019. Further underscoring the fact that Mr. Hawkins is not pursuing claims based on the October 15, 2019, incident in this case, the Court notes that Mr. Hawkins filed a separate lawsuit alleging that Nurse Runyan was deliberately indifferent to his serious medical needs on October 15, 2019. *See Hawkins v. Agan, et al.*, No. 1:20-cv-2745-JMS-TAB (S.D. Ind.).

*v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). Deliberate indifference requires more than negligence or even objective recklessness. *Id*. Plaintiff "must provide evidence that an official actually knew of and disregarded a substantial risk of harm." *Id*. The Court discusses the claims against the Defendants separately, below.

### A. Nurse Runyan

In his non-verified complaint, Mr. Hawkins alleged that Nurse Runyan was deliberately indifferent to his serious medical needs, apparently because he was told that Nurse Runyan was the medical staff member who told Officer Coffey to have Mr. Hawkins fill out a medical request rather than allowing him to be seen immediately. Dkt. 1 at 6, 8; *see also, e.g.*, Hawkins Dep., dkt. 82-2 at 17–18. But the undisputed designated evidence establishes that Nurse Runyan was not working on September 9, 2019, and did not talk with anyone about Mr. Hawkins on that date. That is—the undisputed record evidence establishes that Nurse Runyan was not the medical staff member who declined to see Mr. Hawkins immediately following his complaints to Officers Anton and Coffey. Mr. Hawkins has not come forward with any admissible evidence to the contrary. Thus, there is no evidence from which a reasonable jury could conclude that Nurse Runyan was aware of and consciously disregarded a serious risk to Mr. Hawkins's health in connection with the September 9, 2019, incident. Accordingly, Nurse Runyan is entitled to summary judgment in her favor because Mr. Hawkins has "failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Celotex Corp.*, 477 U.S. at 323 .

### B. Officers Anton and Coffey

Mr. Hawkins alleges that Officers Anton and Coffey were deliberately indifferent to his serious medical needs because they relayed the direction from medical staff to fill out a medical request form rather than ensuring that he obtained treatment immediately. Hawkins Dep., dkt. 82-

6

2 at 56–57. "Non-medical officials are presumptively entitled to defer to the professional judgment of the facility's medical officials on questions of prisoners' medical care." *Eagan v. Dempsey*, 987 F.3d 667, 694 (7th Cir. 2021) (cleaned up). That is, non-medical officials "may reasonably defer to the judgment of medical professionals regarding inmate treatment." *Giles v. Godinez*, 914 F.3d 1040, 1049 (7th Cir. 2019). Nevertheless, a non-medical official may be liable for knowingly disregarding an excessive risk to an inmate's safety, such as through the denial of, delay of access to, or interference with the inmate's treatment. *See id.* at 1050–51 (discussing whether "non-medical defendants knew or and disregarded an excessive risk to [the plaintiff's] health and safety); *see also Burks v. Raemisch*, 555 F.3d 591, 595 (7th Cir. 2009) (explaining that deliberate indifference would exist where non-medical staff "prevent[ed] the medical unit from delivering needed care").

Here, the undisputed designated evidence establishes that Officers Anton and Coffey promptly contacted the medical department to report that Mr. Hawkins complained of being lightheaded and dizzy, that they were told to have Mr. Hawkins fill out a medical request form, and that they relayed that information to Mr. Hawkins. No designated evidence establishes that their reliance on the medical staff person's assessment of Mr. Hawkins's condition or the appropriate course of action was unreasonable. To the contrary, both Officers Anton and Coffey have testified that—before he fell down the stairs—they did not believe Mr. Hawkins's situation to be one that warranted emergency care. On these facts, no reasonable jury could conclude that they knowingly disregarded an excessive risk to Mr. Hawkins's health. They are therefore entitled to summary judgment in their favor. *Cf. Hayes v. Snyder*, 546 F.3d 516, 527–28 (7th Cir. 2008) (affirming grant of summary judgment in favor of non-medical defendants because they investigated plaintiff's complaints about medical care, contacted medical officials, and relied on

judgment of prison physicians and because there was nothing in physician's report making it obvious that plaintiff might not be receiving adequate care).

## IV.
## Conclusion

Defendants' motions for summary judgment, dkts. [72] and [80], are **granted**. This action is dismissed **with prejudice**. The **clerk is directed** to update the docket to reflect that Defendants should be identified as: (1) Marrissa Runyan (currently identified as "M. Runyan"); (2) B. Coffey (currently identified as "Coffey"); and (3) B. Anton (currently identified as "Anton"). Final judgment will issue by separate entry.

**SO ORDERED**.

Date: 08/25/2022

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RAYMOND HAWKINS
885871
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Douglass R. Bitner
Stoll Keenon Ogden PLLC
doug.bitner@skofirm.com

Adam Garth Forrest
BBFCS ATTORNEYS
aforrest@bbfcslaw.com

Rachel D. Johnson
Stoll Keenon Ogden PLLC
rachel.johnson@skofirm.com

Joseph Thomas Lipps
BBFCS ATTORNEYS
jlipps@bbfcslaw.com